LATHROP & RUTLEDGE, P.C.
J. Kent Rutledge, #5-1392
Shawnna M. Herron, #7-4550
1920 Thomas Avenue, Suite 500
P.O. Box 4068
Cheyenne, Wyoming 82003-4068
Tel: (307) 632-0554
Fax: (307) 635-4502

WINSTON & STRAWN LLP
Neal R. Marder (admitted *pro hac vice*)
Micol O. Sordina (admitted *pro hac vice*)
333 S. Grand Avenue
Los Angeles, California 90071
Tel: (213) 615-1700
Fax: (213) 615-1750

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| SKYPEOPLE FRUIT JUICE, INC. | ) | |
| | ) | |
| Counterclaim Defendant, | ) | Civil Action No.: 11-CV-238F |
| | ) | |
| | ) | |
| v. | ) | **ANSWER OF** |
| | ) | **PLAINTIFF/COUNTERCLAIM** |
| ABSAROKA CAPITAL MANAGEMENT, | ) | **DEFENDANT SKYPEOPLE FRUIT** |
| LLC, a Wyoming LLC, KEVIN BARNES, an | ) | **JUICE, INC. TO COUNTERCLAIMS OF** |
| individual, and DOES 1 through 10 | ) | **ABSAROKA CAPITAL** |
| | ) | **MANAGEMENT, LLC AND KEVIN** |
| Defendant. | ) | **BARNES** |
| | ) | |

**ANSWER OF PLAINTIFF/COUNTERCLAIM DEFENDANT
SKYPEOPLE FRUIT JUICE, INC. TO COUNTERCLAIMS OF
ABSAROKA CAPITAL MANAGEMENT, LLC AND KEVIN BARNES**

Plaintiff/Counterclaim Defendant SkyPeople Fruit Juice, Inc. ("SkyPeople" or "Counterclaim Defendant"), by and though the undersigned counsel, hereby answers the allegations in the Counterclaims of Defendants/Counterclaim Plaintiffs Absaroka Capital Management, LLC ("Absaroka") and Kevin Barnes ("Barnes") (together, "Counterclaim Plaintiffs"), dated November 14, 2011 (the "Counterclaim"):

**The Parties**

98.     Upon information and belief, Counterclaim Defendant admits that Absaroka is a limited liability company organized under the laws of the state of Wyoming, with its principal place of business in Cheyenne, Wyoming.   Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 98 of the Counterclaim.

99.     Upon information and belief, Counterclaim Defendant admits that Barnes is a citizen of the State of Wyoming and performs work for Absaroka.   Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 99 of the Counterclaim.

100.    Counterclaim Defendant admits the allegations in paragraph 100 of the Counterclaim.

101.    Counterclaim Defendant denies the allegations in paragraph 101 of the Counterclaim, except admits that SkyPeople went public in 2008.

102.    Counterclaim Defendant denies the allegations in paragraph 102 of the Counterclaim, except admits that, as of the date of this Answer, SkyPeople has 25,690,000 shares of common stock outstanding, and that SkyPeople's common stock trades on the NASDAQ National Securities Market ("NASDAQ") under the ticker symbol "SPU."

103.    Counterclaim Defendant admits the allegations in paragraph 103 of the Counterclaim.

## Jurisdiction and Venue

104.    Counterclaim Defendant admits that Counterclaim Plaintiffs and Counterclaim Defendant are citizens of different states and that the amount claimed by Counterclaim Plaintiffs exceeds $75,000, as alleged in paragraph 104 of the Counterclaim, but Counterclaim Defendant denies that its conduct gives rise to liability in any amount.

105.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Counterclaim.

106.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Counterclaim.

107.    Counterclaim Defendant denies the allegations in paragraph 107 of the Counterclaim.

## Factual Background

108.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Counterclaim and the same are

therefore denied, except Counterclaim Defendant admits that Counterclaim Plaintiffs are involved in securities investment using a "short" position investment strategy.

109.    Counterclaim Defendant admits that paragraph 109 of the Counterclaim partially describes the mechanics of a short transaction, but denies that the method employed by Counterclaim Plaintiffs in their short-selling scheme constitutes a "beneficial and well-established mechanism" in the United States public equity markets.

110.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Counterclaim, except admits, upon knowledge and belief, that Absaroka held a short position in SPU's stock.

111.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Counterclaim.

112.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Counterclaim, and denies the same to the extent Counterclaim Plaintiffs seek to characterize their defamatory publication as being a common type of publication in the United States investment community, in the interest of public equity markets or a "hallmark of the United States capital markets."

113.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Counterclaim, and denies the same to the extent Counterclaim Plaintiffs seek to characterize their defamatory publication as being "well respected in the equity investment community."

114.     Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Counterclaim.

### Counterclaim Defendant's Conduct

115.     Counterclaim Defendant admits the allegations in paragraph 115 of the Counterclaim.

116.     Counterclaim Defendant refers the Court to the document cited in paragraph 116 of the Counterclaim for a complete statement of its content.

117.     Counterclaim Defendant refers the Court to the document cited in paragraph 117 of the Counterclaim for a complete statement of its content.

118.     Counterclaim Defendant refers the Court to the document cited in paragraph 118 for a complete statement of its content.

119.     Counterclaim Defendant admits the allegations in paragraph 119 of the Counterclaim and refers the Court to the document cited in paragraph 119 for a complete statement of its content.

120.     Counterclaim Defendant refers the Court to the document cited in paragraph 120 of the Counterclaim for a complete statement of its content.

121.     Counterclaim Defendant refers the Court to the document cited in paragraph 121 of the Counterclaim for a complete statement of its content.

122.     Counterclaim Defendant refers the Court to the document cited in paragraph 122 of the Counterclaim for a complete statement of its content.

123.    Counterclaim Defendant admits the allegations in the first sentence of paragraph 123 of the Counterclaim to the extent that it alleges that Counterclaim Defendant issued a prospectus on August 26, 2010.   As to the second sentence of paragraph 123, Counterclaim Defendant refers the Court to the document cited in paragraph 123 for a complete statement of its content.

124.    Counterclaim Defendant admits the allegations in paragraph 124 of the Counterclaim.

125.    Counterclaim Defendant refers the Court to the document cited in paragraph 125 of the Counterclaim for a complete statement of its content.

126.    Counterclaim Defendant admits that, on October 26, 2009, it entered into an underwriting agreement with Roth Capital Partners, LLC.   Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 126 of the Counterclaim, and refers the Court to the document cited in paragraph 126 of the Counterclaim for a complete statement of its content.

127.    Counterclaim Defendant admits the allegations in paragraph 127 of the Counterclaim.

128.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Counterclaim, and denies the same to the extent Counterclaim Plaintiffs seek to attribute the "widespread fraud" described in that paragraph to SkyPeople.

129.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Counterclaim.

130.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to what Counterclaim Plaintiffs "undertook to obtain."  Counterclaim Defendant denies that Counterclaim Plaintiffs obtained the true and authentic "financial information filed annually by SkyPeople's three operating subsidiaries with their respective local offices of the Chinese State Administration for Industry and Commerce ('SAIC')."

131.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to what Counterclaim Plaintiffs "sought to obtain."  Counterclaim Defendant admits that annual financial information is not due to be filed with the SAIC until June 30th of the year following the end of the year covered by the financial information.

132.    Upon information and belief, Counterclaim Defendant admits the allegations in paragraph 132 of the Counterclaim.

133.    Counterclaim Defendant denies that Counterclaim Plaintiffs obtained true and authentic "information of SkyPeople's three operating subsidiaries … on file with their respective SAIC offices."  Counterclaim Defendant further denies that Counterclaim Plaintiffs obtained true and authentic "copies of documents on file with the Xi'an AIC" or "machine-readable archival data … which had been inputted into the computer system by the staffs of the Zhouzhi AIC and Suizhong AIC."  Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 133 of the Counterclaim.

134.     Counterclaim Defendant denies the allegations in paragraph 134 of the Counterclaim, and specifically denies that the data obtained by Counterclaim Plaintiffs represents the true and authentic financial data filed by SkyPeople's three subsidiaries with the relevant SAIC offices.

135.     Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Counterclaim.

136.     Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth the allegations in paragraph 136 of the Counterclaim.

137.     Counterclaim Defendant denies the allegations in paragraph 137 of the Counterclaim, except admits that it filed its 2010 Form 10-K on April 1, 2011, and refers the Court to the document cited in paragraph 137 of the Counterclaim for a complete statement of its content.

138.     Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Counterclaim.

139.     Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Counterclaim, except admits that it filed a Form 8-K on May 16, 2008, and refers the Court to the document cited in paragraph 139 of the Counterclaim for a complete statement of its content.

140.     Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Counterclaim, and specifically

denies that SkyPeople "materially misrepresented its production volume, revenue, capital equipment and profitability," in the financial statements it filed with the SEC.

141.   Counterclaim Defendant denies the allegations in paragraph 141 of the Counterclaim.

142.   Counterclaim Defendant admits that Counterclaim Plaintiffs "electronically published a report entitled, 'SkyPeople Fruit Juice, Inc. (NASDAQ: SPU) – Pulp Fiction'" (the "Report") on June 1, 2011 and that the Report is attached as Exhibit 1 to Counterclaim Plaintiffs' Counterclaim.  Counterclaim Defendant denies that the "hyperlinks" embedded in the Report are the true and authentic "financial information for the year ended 2009 for SkyPeople's three operating subsidiaries on file with their respective local SAIC offices."

143.   Counterclaim Defendant refers the Court to the document cited in paragraph 143 of the Counterclaim for a complete statement of its content.

144.   Counterclaim Defendant refers the Court to the document cited in paragraph 144 of the Counterclaim for a complete statement of its content.

145.   Counterclaim Defendant refers the Court to the document cited in paragraph 145 of the Counterclaim for a complete statement of its content.

146.   Counterclaim Defendant refers the Court to the document cited in paragraph 146 of the Counterclaim for a complete statement of its content.

147.   Counterclaim Defendant refers the Court to the document cited in paragraph 147 of the Counterclaim for a complete statement of its content.

148.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 148 of the Counterclaim, except admits that SkyPeople's stock price closed at $2.08 per share on June 1, 2011.

149.    Counterclaim Defendant denies the allegations in paragraph 149 of the Counterclaim.

150.    Counterclaim Defendant denies the allegations in paragraph 150 of the Counterclaim.

151.    Counterclaim Defendant denies the allegations in paragraph 151 of the Counterclaim.

152.    Counterclaim Defendant denies the allegations in paragraph 152 of the Counterclaim, except admits that SkyPeople issued a press release on June 2, 2011 (the "June 2 press release") and filed a Form 8-K with the SEC on June 3, 2011 (the "June 3 8-K"). Counterclaim Defendant refers the Court to the documents cited in paragraph 152 of the Counterclaim for a complete statement of their contents.

153.    Counterclaim Defendant denies the allegations in paragraph 153 of the Counterclaim.

154.    Counterclaim Defendant denies the allegations in paragraph 154 of the Counterclaim, except admits that it filed a Complaint for defamation and tortuous interference against Counterclaim Plaintiffs on July 7, 2011.

155.    Counterclaim Defendant denies the allegations in paragraph 155 of the Counterclaim, except admits that it filed a First Amended Complaint on October 31, 2011.

156.    Counterclaim Defendant denies the allegations in paragraph 156 of the Counterclaim.

157.    Counterclaim Defendant denies the allegations in paragraph 157 of the Counterclaim.

158.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 of the Counterclaim, except denies that "the financial information upon which Absaroka relied in its Report indeed accurately reflected the financial information of SkyPeople's operating subsidiaries for the year ending December 31, 2009, filed with the local SAIC offices."

159.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 of the Counterclaim.

160.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 of the Counterclaim, and specifically denies that Wintrust Information Service, Ltd. ("Wintrust") obtained true and authentic "copies of the 2009 SAIC information of [SkyPeople's] operating subsidiaries on file with the local SAIC offices."

161.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the Counterclaim.

162.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the Counterclaim, except that it

admits, upon information and belief, that Chinese attorneys working for foreign law firms are not considered "licensed" in the PRC.

163.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 of the Counterclaim.

164.    Counterclaim Defendant denies the allegations in paragraph 164 of the Counterclaim.

165.    Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 of the Counterclaim.

166.    Counterclaim Defendant denies that the Jun You Law Firm "retrieved the documents of SkyPeople Juice Group Co. filed with the Xi'an AIC," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 166 of the Counterclaim.

167.    Counterclaim Defendant denies that the allegations in paragraph 167 of the Counterclaim to the extent they purport to allege that Counterclaim Plaintiffs were in possession of the true and authentic "financial information of SkyPeople Juice Group Co. on file with the Xi'an AIC." Counterclaim Defendant refers the Court to the documents cited in paragraph 167 of the Counterclaim for a complete statement of their content.

168.    Counterclaim Defendant denies the allegations in paragraph 168 of the Counterclaim, except it denies knowledge or information sufficient to form a belief as to the truth of what was "included among the documents that the lawyers from the Jun You Law Firm were able to gather."

169.    Counterclaim Defendant denies the allegations in paragraph 169 of the Counterclaim, and refers the Court to the documents cited in paragraph 169 of the Counterclaim for a complete statement of their content.

170.    Counterclaim Defendant denies the allegations in paragraph 170 of the Counterclaim.

171.    Counterclaim Defendant denies the allegations in paragraph 171 of the Counterclaim.

172.    Counterclaim Defendant denies the allegations in paragraph 172 of the Counterclaim.

173.    Counterclaim Defendant denies the allegations in paragraph 173 of the Counterclaim.

174.    Counterclaim Defendant denies the allegations in paragraph 174 of the Counterclaim.

175.    Counterclaim Defendant denies the allegations in paragraph 175 of the Counterclaim.

176.    Counterclaim Defendant denies the allegations in paragraph 176 of the Counterclaim.

//

//

//

//

## COUNT 1
## DEFAMATION *PER SE*

177.     No response is required to the allegations in paragraph 177 of the Counterclaim, and, to the extent any response is required, Counterclaim Defendant repeats and realleges the responses to paragraphs 98-176 as if fully set forth herein.

178.     Counterclaim Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 of the Counterclaim.

179.     Counterclaim Defendant denies the allegations in paragraph 179 of the Counterclaim.

180.     Counterclaim Defendant denies the allegations in paragraph 180 of the Counterclaim.

181.     Counterclaim Defendant denies the allegations in paragraph 181 of the Counterclaim.

182.     Counterclaim Defendant denies the allegations in paragraph 182 of the Counterclaim.

183.     Counterclaim Defendant denies the allegations in paragraph 183 of the Counterclaim.

184.     Counterclaim Defendant denies the allegations in paragraph 184 of the Counterclaim.

185.     Counterclaim Defendant denies the allegations in paragraph 185 of the Counterclaim.

186.    Counterclaim Defendant denies the allegations in paragraph 186 of the Counterclaim.

187.    Counterclaim Defendant denies the allegations in paragraph 187 of the Counterclaim.

188.    Counterclaim Defendant denies the allegations in paragraph 188 of the Counterclaim.

189.    Counterclaim Defendant denies the allegations in paragraph 189 of the Counterclaim.

190.    Counterclaim Defendant denies the allegations in paragraph 190 of the Counterclaim.

191.    Counterclaim Defendant denies the allegations in paragraph 191 of the Counterclaim.

192.    Counterclaim Defendant denies the allegations in paragraph 192 of the Counterclaim.

193.    Counterclaim Defendant denies the allegations in paragraph 193 of the Counterclaim.

194.    Counterclaim Defendant denies the allegations in paragraph 194 of the Counterclaim.

//

//

//

## COUNT II
## DEFAMATION *PER QUOD*

195.    No response is required to the allegations in paragraph 195 of the Counterclaim, and, to the extent any response is required, Counterclaim Defendant repeats and realleges the responses to paragraphs 98-194 as if fully set forth herein.

196.    Counterclaim Defendant denies the allegations in paragraph 196 of the Counterclaim.

197.    Counterclaim Defendant denies the allegations in paragraph 197 of the Counterclaim.

198.    Counterclaim Defendant denies the allegations in paragraph 198 of the Counterclaim.

199.    Counterclaim Defendant denies the allegations in paragraph 199 of the Counterclaim.

200.    Counterclaim Defendant denies the allegations in paragraph 200 of the Counterclaim.

201.    Counterclaim Defendant denies the allegations in paragraph 201 of the Counterclaim.

202.    Counterclaim Defendant denies the allegations in paragraph 202 of the Counterclaim.

203.    Counterclaim Defendant denies the allegations in paragraph 203 of the Counterclaim.

204.    Counterclaim Defendant denies the allegations in paragraph 204 of the Counterclaim.

205.    Counterclaim Defendant denies the allegations in paragraph 205 of the Counterclaim.

206.    Counterclaim Defendant denies the allegations in paragraph 206 of the Counterclaim.

207.    Counterclaim Defendant denies the allegations in paragraph 207 of the Counterclaim.

208.    Counterclaim Defendant denies the allegations in paragraph 208 of the Counterclaim.

**COUNT III**
**<u>ABUSE OF PROCESS</u>**

209.    No response is required to the allegations in paragraph 209 of the Counterclaim, and, to the extent any response is required, Counterclaim Defendant repeats and realleges the responses to paragraphs 98-208 as if fully set forth herein.

210.    Counterclaim Defendant denies the allegations in paragraph 210 of the Counterclaim.

211.    Counterclaim Defendant denies the allegations in paragraph 211 of the Counterclaim.

212.    Counterclaim Defendant denies the allegations in paragraph 212 of the Counterclaim.

213.    Counterclaim Defendant denies the allegations in paragraph 213 of the Counterclaim.

214.    Counterclaim Defendant denies the allegations in paragraph 214 of the Counterclaim.

## GENERAL DENIALS

Except as otherwise expressly stated in paragraphs 98 through 214 above, Counterclaim Defendant denies each and every allegation of the Counterclaim contained in paragraphs 98 through 214 of the Counterclaim Plaintiffs' Answer and Counterclaim to the extent any response is deemed required including, without limitation, the headings and subheadings contained in the Counterclaim, and specifically denies liability to Counterclaim Plaintiffs, or that the same have suffered any damage, whether as a matter of law or in equity, for which Counterclaim Defendant is responsible.  Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, all allegations contained in the Counterclaim to which no responsive pleading is required shall be deemed denied.  Counterclaim Defendant reserves its right to amend and/or supplement this answer.

## AFFIRMATIVE DEFENSES

Without admitting any allegation of the Counterclaim and without admitting or suggesting that Counterclaim Defendant bears the burden of proof on any defense, as separate and independent affirmative defenses, Counterclaim Defendant alleges:

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Counterclaim Defendant has not engaged in any defamatory, libelous, or otherwise tortious conduct.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim for relief for defamation because any factual statements made by Counterclaim Defendant about which Counterclaim Plaintiffs complain are substantially true.

## FOURTH AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim for relief for defamation to the extent Counterclaim Defendant's statements about which Counterclaim Plaintiffs complain are statements of opinion.

## FIFTH AFFIRMATIVE DEFENSE

Counterclaim Defendant did not act with the state of mind necessary to give rise to a claim for defamation or abuse of process.

## SIXTH AFFIRMATIVE DEFENSE

Counterclaim Defendant denies that Counterclaim Plaintiffs were in any way injured or damaged by any conduct of Counterclaim Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Any damage to Counterclaim Plaintiffs' reputation, profession or business related to their publication of false reports about Counterclaim Defendant was caused by Counterclaim Plaintiffs' own misrepresentations.

## EIGHTH AFFIRMATIVE DEFENSE

Any damage to Counterclaim Plaintiffs' reputation, profession or business, as alleged in the Counterclaim, was caused by events other than the conduct of Counterclaim Defendant.

## NINTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' damages resulted from the actions of its own representatives and/or persons or entities over whom Counterclaim Defendant exercised no control.

## TENTH AFFIRMATIVE DEFENSE

The alleged misstatements that form the basis of Counterclaim Plaintiffs' defamation claims are not actionable as defamation *per se* and Counterclaim Plaintiffs fail properly to plead the causation of special damages.  Accordingly, Counterclaim Plaintiffs' Counterclaim fails to state a claim for relief for defamation.

## ELEVENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' Counterclaim fails to state a claim for relief for abuse of process because Counterclaim Plaintiffs have failed to plead facts sufficient to show that Counterclaim Defendant made any definite threat or act not authorized by legal process or that

Counterclaim Defendant's legitimate purpose of seeking recovery for the damages caused by Counterclaim Plaintiffs' false and defamatory statements is not a legitimate use of legal process.

### TWELFTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claimed damages, if any, are too remote, speculative, or uncertain to recover.

### THIRTEENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' Counterclaim is barred, in whole or in part, by the equitable doctrines of unclean hands and estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim for relief for defamation to the extent the alleged misstatements in the Counterclaim, even if made, are subject to the absolute privilege for statements made in judicial proceedings.

\*      \*      \*

Counterclaim Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent at any time and hereby reserves the right to assert other defenses, cross-claims and third-party claims when and if they become appropriate in this action.

\*      \*      \*

## **PRAYER FOR RELIEF**

**WHEREFORE**, for the above listed reasons, Counterclaim Defendant SkyPeople, respectfully requests that this Court enter Judgment for it and against Counterclaim Plaintiffs Absaroka and Barnes as follows:

1.      Denying Counterclaim Plaintiffs' prayer for relief;

2.      Entering Judgment for Counterclaim Defendant;

3.      Dismissing the Counterclaim with prejudice;

4.      Granting Counterclaim Defendant's prayer for relief as expressed in its First Amended Complaint;

5.      Awarding Counterclaim Defendant reasonable costs and expenses, including attorney's fees and related disbursements; and

6.      Granting such further and other relief as this Court deems appropriate.

Dated: December 8, 2011                    LATHROP & RUTLEDGE, P.C.

By:  _s/J. Kent Rutledge_
Kent Rutledge, #5-1392
Shawnna M. Herron, #7-4550
P.O. Box 4068
Cheyenne, Wyoming 82003-4068
Tel: (307) 632-0554
Fax: (307) 635-4502

WINSTON & STRAWN LLP
Neal R. Marder (admitted *pro hac vice*)
Micol O. Sordina (admitted *pro hac vice*)
333 S. Grand Avenue
Los Angeles, California 90071
Tel: (213) 615-1700
Fax: (213) 615-1750

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically through the CM/ECF system which caused the following counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing this __8th__ day of December, 2011:


HICKEY & EVANS, LLP
Paul J. Hickey, 5-1431
Richard D. Bush, 5-2647
John A. Coppede, 5-2485
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, Wyoming 82003-0467
Tel: (307) 634-1525
Fax: (307) 638-7335


                                                            *s/J. Kent Rutledge*